Debtor    John William Boyd, Jr. and Gayle Meacher Boyd    Case Number    19-01187-JW

| | |
|---|---|
| Debtor 1  JOHN WILLIAM BOYD, JR. | ✓ Check if this is a modified plan, and list below the sections of the plan that have been changed. |
| Last four digits of social security number: 0536 | |
| Debtor 2  GAYLE MEACHER BOYD | ✓ Pre-confirmation modification |
| Last four digits of social security number: 3294 | ___ Post-confirmation modification |
| 1179 Quick Rabbit Loop | Part 2.1, 3.1, 3.5, 8.1 |
| Charleston, SC 29414 | |
| United States Bankruptcy Court for the : District of South Carolina | |
| Case number ____19-01187-JW____ | |

## District of South Carolina
# Chapter 13 Plan                                                                                   12/17

### Part 1: Notices

**To Debtors:**  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**  Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ___ Included | ✓ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ✓ Included | ___ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ✓ Included | ___ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ___ Included | ✓ Not included |

### Part 2: Plan Payments and Length of Plan

2.1   The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

$ 285  per month for  fifty-seven (57)  months

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Debtor __John William Boyd, Jr. and Gayle Meacher Boyd__    Case Number __19-01187-JW__

**2.2**   **Regular payments to the trustee will be made from future income in the following manner:**

    ___   The debtor will make payments pursuant to a payroll deduction order.

    ___   The debtor will make payments directly to the trustee.

    _✓_   Other (specify method of payment ): tfsbillpay.com

**2.3**   **Income tax refunds.**

    _✓_   The debtor will retain any income tax refunds received during the plan term.

    ___   The debtor will treat income tax refunds as follows:

**2.4**   **Additional payments.**

    _✓_   **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3:   Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.  Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1**   **Maintenance of payments and cure or waiver of default, if any.**

    *Check all that apply. Only relevant sections need to be reproduced.*

    _✓_   **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security and modification of undersecured claims.**

_✓_ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

**3.3**   **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

___ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

_✓_ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or thirty (30) days from the entry of the discharge.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor | Disbursed by: |
|---|---|---|---|---|---|
| Republic Finance | 2011 GMC Sierra | $5,148 | 6.0% | $100 (or more) | Trustee |

**3.4  Lien avoidance.**

___ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

_✓_   The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest

Debtor __John William Boyd, Jr. and Gayle Meacher Boyd__   Case Number __19-01187-JW__

that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/ unavoidable liens | Applicable Exemption and Code Section | Value of Debtor's interest in property | Amount of lien Not avoided (To be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| Regional Finance - household goods | $2,273 | $0 | $1,800 - S.C. Code Ann. § 15-41-30(A)(3) | $1,800 | $0 | $2,273 |
| Southern Finance - household goods | $1,200 | $0 | $1,800 - S.C. Code Ann. § 15-41-30(A)(3) | $1,800 | $0 | $1,200 |

**3.5 Surrender of collateral.**

___ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

_✓_ The debtor elects to surrender the collateral that secures the claim of the creditor listed below. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. A copy of this plan must be served on all co-debtors. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| Name of creditor | Collateral |
|---|---|
| Hunt Club Community Association | HOA - on real property located at 1179 Quick Rabbit Loop, Charleston, SC 29414 |
| Wells Fargo Home Mortgage | Real property located at 1179 Quick Rabbit Loop, Charleston, SC 29414 |

**Part 4:    Treatment of Fees and Priority Claims**

**4.1  General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3  Attorney's fees**

    a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

    b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domesti support obligations treated below, on a pro rata basis. If

Debtor ___John William Boyd, Jr. and Gayle Meacher Boyd___    Case Number ___19-01187-JW___

funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

___ **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

    a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

    b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

✓ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.** *Check one.*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

✓ The debtor estimates payments of less than 100% of claims.
___ The debtor proposes payment of 100% of claims.
___ The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

**5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

✓   **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3   Other separately classified nonpriority unsecured claims.** *Check one.*

✓ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

___ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

✓ **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| Honda Finance | 2019 Honda Pilot | $ 524.69 | $ 0 | $ 0 |

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor as stated below:**

✓ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

___ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

Debtor __John William Boyd, Jr. and Gayle Meacher Boyd__    Case Number __19-01187-JW__

| Part 8: | Nonstandard Plan Provisions |

**8.1    Check "None" or List Nonstandard Plan Provisions**

___ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

*(a)    Debtor's Statement in Support of Confirmation:*

*The debtors, by their signatures below, hereby state that they understand the following:*

*(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee or directly to creditors;*

*(2) The consequences of any default under the plan, including the direct payments to creditors; and*

*(3) That debtor(s) may not agree to sell or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.*

*(b)    Reservation of Rights*

*Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or causes of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.*

*(c)    The confirmation of this plan may determine the character (secured, unsecured or priority), amount and timing of distribution of a creditor's claim regardless of the proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.*

| Part 9: | Signature(s) |

**9.1 Signatures of the debtor and the debtor's attorney.**

*The debtor and the attorney for the debtor, if any, must sign below.*

X /s/ John William Boyd, Jr.                    X  /s/ Gayle Meacher Boyd
    John William Boyd, Jr.                         Gayle Meacher Boyd

Executed on __May 14, 2019__           Executed on __May 14, 2019__

X   /s/ R. Michael Drose                         Date__May 14, 2019__
    R. Michael Drose DCID#609
    Drose Law Firm
    3955 Faber Place Drive, Suite 103
    Charleston, SC 29405
    843-767-8888; 843-620-1035 fax
    drose@droselaw.com

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br>JOHN WILLIAM BOYD, JR.<br>Last four digits of social security #: 0536<br>GAYLE MEACHER BOYD<br>Last four digits of social security #: 3294<br>1179 Quick Rabbit Loop<br>Charleston, SC 29414<br><br>Debtors. | CASE NO: 19-01187-JW<br><br>CHAPTER 13<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the below stated date. The specific list of the names and addresses of parties served with the plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**
James M. Wyman, Chapter 13 Trustee


Date:  May 14, 2019                    BY: /s/ Ashlee Jack
                                       Ashlee Jack
                                       Office Personnel
                                       Drose Law Firm
                                       3955 Faber Place Drive, Suite 103
                                       Charleston, SC 29405
                                       Phone: 843-767-8888
                                       Fax: 843-620-1035
                                       drose@droselaw.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-2<br>Case 19-01187-jw<br>District of South Carolina<br>Charleston<br>Tue May 14 11:23:00 EDT 2019 | (p)AMERICAN HONDA FINANCE<br>P O BOX 168088<br>IRVING TX 75016-8088 | Attorney General of The US<br>Civil Division Bankruptcy Section<br>US Department of Justice<br>Washington DC 20530-0001 |
| Ann U. Bell<br>Drose Law Firm<br>3955 Faber Place Dr. Ste 103<br>Charleston, SC 29405-8565 | Gayle Meacher Boyd<br>1179 Quick Rabbit Loop<br>Charleston, SC 29414-9103 | John William Boyd Jr.<br>1179 Quick Rabbit Loop<br>Charleston, SC 29414-9103 |
| Capital One<br>PO Box 71083<br>Charlotte NC 28272-1083 | Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Care Credit  Synchrony Bank<br>PO Box 965061<br>Orlando FL 32896-5061 |
| Charleston County Tax Collector<br>c/o Chas Co Bankruptcy Dept<br>4045 Bridge View Dr<br>N Charleston SC 29405-7464 | Comenity Bank<br>PO Box 659819<br>San Antonio TX 78265-9119 | Credit One Bank<br>PO Box 60500<br>City Of Industry CA 91716-0500 |
| Discover<br>PO Box 71084<br>Charlotte NC 28272-1084 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 | R. Michael Drose<br>3955 Faber Place Drive<br>Suite 103<br>North Charleston, SC 29405-8565 |
| (p)FORD MOTOR CREDIT COMPANY<br>P O BOX 62180<br>COLORADO SPRINGS CO 80962-2180 | Genesis FS Card Services<br>PO Box 4477<br>Beaverton OR 97076-4401 | Hunt Club Community Association<br>1126 Lango Ave<br>Charleston SC 29407-6430 |
| Hunt Club Community Association, Inc.<br>Simons & Dean<br>147 Wappoo Creek Drive, Suite 64<br>Charleston, SC 29412-2149 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Lawrence Wilbur Johnson Jr.<br>Johnson Law Firm PA<br>PO Box 883<br>Columbia, SC 29202-0883 |
| LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Travis E. Menk<br>Brock & Scott, PLLC<br>Attorneys at Law<br>8757 Red Oak Blvd, Suite 150<br>Charlotte, NC 28217-3977 | PRA Receivables Management, LLC<br>Synchrony Bank<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Quantum3 Group LLC as agent for<br>Comenity Capital Bank<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| Quantum3 Group LLC as agent for<br>GPCC I LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | REGIONAL MANAGEMENT CORPORATION<br>979 BATESVILLE ROAD SUITE B<br>GREER, SC 29651-6819 | Regional Finance<br>1300 Savannah Hwy #12<br>Charleston SC 29407-7849 |

| | | |
|---|---|---|
| (p)REPUBLIC FINANCE LLC<br>282 TOWER RD<br>PONCHATOULA LA 70454-8318 | Roper Radiologists PA<br>PO Box 2363<br>Indianapolis IN 46206-2363 | Roper St Francis Physicians<br>PO Box 650292<br>Dallas TX 75265-0292 |
| SC Department of Revenue<br>PO Box 12265<br>Columbia SC 29211-2265 | SOUTHERN FINANCE SC0005<br>C/O SOUTHERN MANAGEMENT<br>ATTN: BK<br>PO BOX 1947<br>GREENVILLE, SC 29602-1947 | Simons & Dean Attorneys<br>147 Wappoo Creek Drive, Ste 604<br>Charleston SC 29412-2157 |
| Southern Finance<br>946 Orleans Road, Unite F-6<br>Charleston SC 29407-4849 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | US Attorney for South Carolina<br>For The Internal Revenue Service<br>1441 Main Street Suite 500<br>Columbia SC 29201-2897 |
| Wells Fargo Home Mortgage<br>PO Box 105632<br>Atlanta GA 30348-5632 | Wells Fargo USA Holdings, Inc.<br>c/o Wells Fargo Bank, N.A. as servicer<br>Attn: Default Document Processing<br>1000 Blue Gentian Road, MAC# N9286-01Y<br>Eagan MN 55121-7700 | Travis Menk Wells Fargo USA Holdings, Inc.<br>Brock and Scott, PLLC<br>8757 Red Oak Blvd, Suite 150<br>Charlotte, NC 28217-3977 |
| James M. Wyman<br>PO Box 997<br>Mount Pleasant, SC 29465-0997 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| AMERICAN HONDA FINANCE CORPORATION<br>P.O. Box 7829<br>Philadelphia, PA 19101-7829 | (d)American Honda Finance Corporation<br>National Bankruptcy Center<br>P.O. Box 168088<br>Irving, TX 75016-8088 | FORD MOTOR CREDIT COMPANY LLC<br>PO BOX 62180<br>COLORADO SPRINGS, CO 80962 |
| Internal Revenue Service<br>1835 Assembly Street<br>Stop MDP 39<br>Columbia SC 29201 | Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk VA 23541 | Republic Finance<br>946 Orleans Road Unit B 4<br>Charleston SC 29407 |
| (d)Republic Finance, LLC<br>282 Tower Rd.<br>Ponchatoula, LA 70454 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Ford Motor Credit Company LLC | (d)Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia PA 19101-7346 | End of Label Matrix<br>Mailable recipients    42<br>Bypassed recipients     2<br>Total                  44 |